**In re PLASTIC DYNAMICS
CORP., Debtor.**

**GURIT A. G., Plaintiff,**

**v.**

**PLASTIC DYNAMICS CORP., and
William C. Miller, Jr., Defendants.**

**Bankruptcy No. 81–03349 T.
Adv. No. 81–1430.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 16, 1982.

Dale E. Lapp, Lancaster, Pa., for plaintiff.

Jacques Geisenberger, Jr., Lancaster, Pa., for defendants.

MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case is before us on debtor's objections to creditor's notice of voluntary dismissal of a complaint. For reasons hereinafter given, we will dismiss the debtor's objections and allow the creditor to voluntarily dismiss its complaint.[1]

On July 29, 1981, the creditor, Gurit A.G. (hereinafter, Gurit), filed an action against the debtor, Plastic Dynamics Corporation (hereinafter, Plastic Dynamics) and its stock holder, William C. Miller, Jr., in the Court of Common Pleas of Lancaster County. On August 21, 1981, Plastic Dynamics filed a voluntary petition under Chapter 11 of the Bankruptcy Code, listing Gurit as a creditor. William C. Miller filed preliminary objections to the state court proceeding. Plastic Dynamics filed a notice of removal of the action from the Lancaster County Court to this Court on September 21, 1981. On October 9, 1981, Gurit filed a notice of voluntary dismissal of the action.

---

**1.** This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

Gurit also filed a proof of claim in the amount of four hundred thousand, two hundred twenty dollars ($400,220.00). Plastic Dynamics filed an application for a hearing to determine the effects of the notice of dismissal and the issue was submitted to the Court on briefs.

This case is governed by Bankruptcy Rule 741 and Rule 41 of the Federal Rules of Civil Procedure. Rule 741 provides that Rule 41 of the Federal Rules of Civil Procedure applies to the dismissal of adversary proceedings Rule 41(a)(1) states in pertinent part:

> [An] action may be dismissed by the plaintiff without order of Court (1) by filing a Notice of Dismissal at any time before service by the adversary party of an Answer or of a Motion for Summary Judgment, whichever first occurs... Fed.R.Civ.Pro. 41(a)(1)

In the case before us, Gurit gave notice of dismissal before any responsive pleading had been filed by Plastic Dynamics. The fact that the co-defendant, William C. Miller, Jr., did file preliminary objections does not join the issue as between Gurit and Plastic Dynamics. Gurit has an absolute right to file a notice of dismissal under Rule 41(a)(1) until a responsive pleading by Plastic Dynamics, in effect, locks it into the litigation. Plastic Dynamics has indicated that it wishes to assert counter claims to Gurit's complaint and is opposing the dismissal for this reason only. We note that Gurit has submitted itself to the jurisdiction of this Court by filing a proof of claim against Plastic Dynamics. Plastic Dynamics may initiate adversary proceedings against Gurit before us by filing its own complaint.

For these reasons, we deny Plastic Dynamics' application and allow the voluntary dismissal of Gurit's complaint.